IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PATRICK PIERCE                                                                                              PLAINTIFF

v.                                                     CIVIL NO. 20-cv-3019

ANDREW SAUL, Commissioner                                                         DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Patrick Pierce, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on February 9, 2018. (Tr. 15). In his application, Plaintiff alleged disability beginning on May 30, 2017, due to: post-traumatic stress disorder (PTSD); major depressive disorder; left wrist tendon repair with ganglion cyst; right and left hip pain/strain; left and right knee pain; tinnitus in his right ear; and right knee issues due to shrapnel. (Tr. 15, 195). An administrative hearing was held on December 18, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 15, 34-69).

On September 9, 2019, the ALJ issued an unfavorable decision. (Tr. 12). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: fibromyalgia syndrome, osteoarthritis/degenerative disc disease

1

of the lumbar spine, left hand ganglion cyst, bursitis of the hips, residual effects of right knee injury, major depressive disorder, PTSD, panic disorder without agoraphobia, and pain disorder. (Tr. 17-18). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18-19). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b), except he can occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, he can occasionally balance and stoop, he can never kneel, crouch, or crawl, he can perform frequent, but not constant, handling and fingering with the left upper extremity, and he must avoid concentrated exposure to temperature extremes, humidity, and hazards, including no driving as part of work. He can further perform unskilled work where interpersonal contact is only incidental to the work performed, tasks are no more complex than those learned and performed by rote with few variables and little use of judgment, and supervision required is simple, direct, and concrete.
> (Tr. 19-24).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform his past relevant work, but would be able to perform the representative occupations of: merchandise marker with 54,500 jobs in the nation; plastics molding machine tender with 126,000 jobs in the nation; or routing clerk with 98,000 jobs in the nation. (Tr. 24-26). The ALJ found Plaintiff was not disabled from May 30, 2017, through the date of his decision. (Tr. 26).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) whether the ALJ erred in finding his PTSD did not meet listing 12.15; 2) whether the ALJ erred in his analysis of the medical opinion evidence, particularly the opinion of consultative examiner Dr. Samuel Hester; and 3) whether the ALJ erred by failing to properly consider the Department of Veteran's Affairs disability determination that Plaintiff is ninety percent disabled, given the substantial medical evidence supporting that determination. (Doc. 14). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (Doc. 15).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

3

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 23rd day of December 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE